UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIFFANY WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09-CV-1536-CDP |
| | ) |
| CONSUMER ADJUSTMENT COMPANY, | ) |
| et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Tiffany Wells for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a resident of the State of California, seeks monetary relief in this action against

Consumer Adjustment Company and "Does 1 through 10" for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and California state law.

Having reviewed the complaint, the Court finds that plaintiff's claims against defendant Consumer Adjustment Company survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). The complaint is, however, legally frivolous as to defendants "Does 1 through 10." An action may proceed against a party whose name is unknown if the allegations are sufficiently specific to permit the party's identity to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain specific allegations regarding the identity of "Does 1 through 10." This is not permissible. Cf. Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other

John Does to be named when identified" not permissible).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, as to defendant Consumer Adjustment Company, the Clerk shall issue process or cause process to be issued upon the complaint.

**IT IS FURTHER ORDERED** that, as to defendants "Does 1 through 10," the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of partial dismissal shall accompany this memorandum and order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2009.